*The rule was modified, so as to include the costs of the action, after it had been drawn for the payment of costs generally.*

*Powers*, said the action was prematurely brought, and the party ought to take the consequence.

*Per Curiam.* The rule must be so modified as to include the costs of the action.

Rule accordingly.

---

## HAFF *against* HUTCHINSON.

ACTION for a *libel*, printed in a publick newspaper, and a verdict for the plaintiff of 7 dollars; and the judgment was entered for full costs.

*In an action for a libel, brought in this court, the plaintiff is entitled to recover full costs, though his verdict be less than $50.*

*Swetland*, moved to set aside this judgment, so far as it was for *costs* ; and that a judgment for *costs* be entered for the *defendant*. He insisted that the provision in the *4th section* of the act concerning costs, (1 *R. L.* 344,) " that if in any *personal* action in this Court, the plaintiff shall not recover more than 50 dollars, he shall pay costs to the defendant," applied to this case. He said, though an action for a *libel* is a *personal* action, yet it is not an action of *slander*, within the meaning of the 2d *proviso* in that section. In 2 *Dunlap's Pract.* 712, it is said, that a recovery in a *libel suit*, unless it exceed 50 dollars, will not carry costs.

*Foote*, contra, said, that the 2d *proviso* in the *4th section*, " that nothing therein contained should extend to an action of

*slander*," was intended to embrace the recovery in a libel suit. *Slander* is a *generic* term, and clearly includes *libel*, which is *written slander*. The provision in the 6*th section*, that in actions for *slanderous words*, if the damages are assessed under 50 dollars, the plaintiff shall recover no more costs than damages, was not intended of *slanderous writing*, or libel. In the 4*th section*, the *generic* term is used; in the 6*th*, the *specific* term. The first includes libel—the last excludes it, and this leaves the first section of the act, which carries costs in all cases where any thing is recovered, to its effect upon this action, and the plaintiff is, therefore, entitled to full costs.

*Swetland*, in reply, said the definition of a libel given on the other side was too limited. It embraces not only written and printed scandal, but pictures, intended to ridicule another. The action for a libel is a personal action of trespass on the case, and as such, is within the jurisdiction of a justice. The 25 and 50 dollar acts contain an exception of *slander* merely, which, as I have already shewn, does not extend to a *libel*. A justice has cognizance of several actions, as difficult in their nature as an action for a libel.

SUTHERLAND, J. I think the word *slander*, as used in the 2*d proviso* of the 4*th section* of the statute of costs, was intended to include *libel*.

SAVAGE, C. J. *Slanderous words* are spoken of in the 6*th section* of this statute, as distinct from *slander*, which is excepted from the operation of the 4*th section*.

WOODWORTH, J. I have known several instances of actions for *libels*, with very trifling verdicts, in which the right to full costs was not drawn in question.

Motion denied.